**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
**www.flsb.uscourts.gov**

In re:

MAQ MANAGEMENT, INC.,                    Case No.: 11-26571-BKC-EPK
                                         Chapter 11
            Debtor.
_____/

In re:
                                         Case No.: 11-26572-BKC-EPK
SUPERSTOP PETROLEUM, INC                 Chapter 11

            Debtor.
_____/
In re:

SUPERSTOP PETROLEUM  I, INC.,            Case No.: 11-26573  BKC-PGH
                                         Chapter 11
            Debtor.
_____/
In re:

SUPERSTOP PETROLEUM IV, INC              Case No.: 11-26574-BKC-PGH
                                         Chapter 11
            Debtor.
_____/
.
_____

**DEBTORS' *EX-PARTE* JOINT MOTION FOR JOINT ADMINISTRATION OF**
**RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession ("Debtors"[1]) file

this ex-parte motion ("*Ex-Parte* Motion") seeking an order authorizing the joint

administration of the Debtors' chapter 11 cases and the administration for

_____

[1] The Debtors include: MAQ Management, Inc. Case No.: 11-26571-BKC-EPK; Super Stop
Petroleum, Inc., Case No.: 11-26572-BKC-EPK; Super Stop Petroleum I, Inc., Case No.: 11-26573-
BKC-PGH; Super Stop Petroleum IV, Inc., Case No.: 11-26574-BKC-PGH (respectively).

TALARCHYK MERRILL

procedural purposes only.   In support of this Ex-Parte Motion, and in support, states:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On June 16, 2011 (the "Petition Date"), the Debtors each filed voluntary petitions for relief.  (MAQ Management, Inc. Case No.: 11-26571-BKC-EPK; Super Stop Petroleum, Inc., Case No.: 11-26572-BKC-EPK; Super Stop Petroleum I, Inc., Case No.: 11-26573-BKC-PGH; Super Stop Petroleum IV, Inc., Case No.: 11-26574-BKC-PGH) (collectively, "Debtors").

3.      The Chapter 11 Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to Bankruptcy Code §§ 1107 and 1108.

**Request for Joint Administration of Chapter 11 Cases**

4.      Bankruptcy Rule 1015(b) provides in pertinent part that, "If … two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are

affiliates of each other, as "affiliate" is defined in section 101 (2) of the Bankruptcy Code. 11 U.S.C. § 101 (2), as follows:

5.      The Debtors request that the two chapter 11 cases be jointly administered for procedural purposes only.

6.      The joint administration of the Debtors' cases will have a number of beneficial effects.  Joint administration will permit the Clerk of this Court to utilize a single general docket for these cases, which will assist both the Court and all parties in interest to more easily track substantive matters related to these cases. The Debtors anticipate that numerous notices in these cases will affect both of the Debtors and their estates.  Joint administration will allow the Debtors and the Court, as appropriate, to combine those notices, thus significantly reducing the noticing burden in these cases.  Joint administration will in many instances significantly reduce the volume of paperwork and make administrative tasks of the Court and parties in interest less burdensome, costly, and time-consuming.

7.      Because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases.

8.      In addition, the Debtors respectfully request that parties in interest be required to include only the Debtors' name and case number in the joint administration caption in these cases. The Debtors submit that including the state of formation and tax identification number would be unnecessarily cumbersome

TALARCHYK MERRILL

3

and confusing to parties in interest.  Further, pleadings relating to each of the Debtors should be required to indicate in the caption only that the pleading relates to "MAQ Management, Inc., *et al.,*" as set forth on Exhibit "A as attached.

9.      An Order of Joint Administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.

10.     For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases, pursuant to Bankruptcy Rule 1015(b).

### Notice

11.     No creditors' committee has been appointed in these chapter 11 cases.  Notice of this Ex-Parte Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Debtors' 20 largest unsecured creditors as identified in their Chapter 11 petitions; (c) counsel of record; and (d) the District Director of the Internal Revenue Service. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### No Prior Request

12.     No prior motion for the relief requested herein has been made to this or any other court.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court approve the Ex-Parte Motion For Joint Administration of the above-styled Chapter 11 cases and enter an Order, substantially in the form attached hereto as Exhibit :B: .

## CERTIFICATIONS

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true copy of the foregoing document has been furnished by electronic or U.S. Mail to the attached Service List on this 16th day of June, 2011.

**TALARCHYK MERRILL, LLC**

_/s/ Tina M. Talarchyk_
Tina M. Talarchyk, Esquire
Fla. Bar. No 794872
Tina M. Talarchyk, P.A.,
777 S. Flagler Drive, Phillips Point
Suite 800, West Tower
West Palm Beach, FL  33401
(o) +1.561.515.6058
(f)  +1.561.515.6001
tmt@tmbk11.com
www.tmbk11.com

## SERVICE MATRIX

Office of the US Trustee ; USTPRegion21.MM.ECF@usdoj.gov;

Branch Banking and Trust, P.O. Box 580050, Charlotte, NC 28258-0050

Iberia Bank , P.O. Box 20509 West Palm Beach, FL 33416-0509

1st National Bank of South Florida |1550 North Krome Avenue|Homestead, FL 33030

BNK Real Estate, LLC |19766 Dinner Key Drive|Boca Raton, FL 33498

Branch Banking and Trust |P.O. Box 580050|Charlotte, NC 28258-0050

Fifth Third Bank |200 East Robinson Street|Tenth Floor|Orlando, FL 32801

First State Bank of Arcadia |P.O. Box 1400|Arcadia, FL 34265

Florida Leashold Acquisitions, LLC |1255 River Road|Edgewater, NJ 07020

Giant Oil Company |1806 North Franklin Street|Tampa, FL 33602

Iberia Bank |P.O. Box 20509|West Palm Beach, FL 33417

NAFH |9350 South Dixie Highway|Suite 1120|Miami, FL 33156

Office of the US Trustee |51 S.W. 1st Ave.|Suite 1204|Miami, FL 33130

Pacific Assets Management, LLC |15841 SW 56 ST|Fort Lauderdale, FL 33331

Premier Bank |1790 Main Street|Sarasota, FL 34236

Wauchula State Bank |106 East Main Street|Wauchula, FL 33873

TALARCHYK MERRILL

**<u>EXHIBIT "A"</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
www.flsb.uscourts.gov

In re:

MAQ MANAGEMENT, INC., *et. al.*

     Debtors.
_____/

Case No. 11-11-26571-BKC-EPK
Chapter 11

(Jointly Administered)

TALARCHYK MERRILL